UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathryn Malone,

        Plaintiff,

v.                             MEMORANDUM OPINION
                                   AND ORDER
                                   Civil No. 04-2930

Gittleman Management Corporation,

        Defendant.

_____

        Daniel E. Warner, Warner Law Office, for and on behalf of Plaintiff.

        David J. Duddleston and Natalie Wyatt-Brown, Jackson Lewis LLP, for and on behalf of Defendant.

_____

        Gittleman Management Corporation ("Gittleman") is in the business of managing condominiums and townhouses in the metro area. The company was founded by Melvin Gittleman, the CEO and President.  He is currently in the process of transferring the day-to-day operations to his son Mark Gittleman.

        Plaintiff began working for Gittleman in September 2001 as a Payroll/Accounting Clerk.  In this position, Plaintiff was responsible for entering payroll and other accounting information and running reports for some of the property associations managed by Gittleman.  Her supervisor was Sue Taylor. Plaintiff alleges that when she was hired, Ms. Taylor informed Plaintiff that she

1

would be retiring soon, and that they were looking for someone who could take over Ms. Taylor's payroll responsibilities.

In March 2003, Plaintiff went on maternity leave. She was scheduled to return to work on or about June 16, 2003. Prior to her return to work, Plaintiff spoke with Ms. Taylor over the phone. Ms. Taylor testified at her deposition that Plaintiff had asked if she could return to work three days a week, and Ms. Taylor informed her that wouldn't work. Plaintiff then asked if she could work a four day week, and Ms. Taylor stated that would work. Shortly before returning to work, Plaintiff called Ms. Taylor back and said she was having trouble with daycare, and would not be returning to work at all. Ms. Taylor asked Plaintiff if she could come in on every other Wednesday to do payroll, and Plaintiff agreed to do so.

Thereafter, between mid-June and mid-August, Plaintiff and Ms. Taylor discussed Plaintiff's future with the company. Plaintiff asked if any decision had been made about promoting Plaintiff into Ms. Taylor's position when she retired. Ms. Taylor asked Plaintiff what salary she would want if she was promoted, and Plaintiff stated that she would want $50,000. Ms. Taylor also testified at her deposition that Plaintiff told her she would only return to work, on a four day work schedule, not to do her old job, but to train in on Ms. Taylor's job. When Ms. Taylor informed Mark Gittleman of Plaintiff's demands, Mark Gittleman told Ms. Taylor that he didn't think Plaintiff had the communication skills necessary to

do Ms. Taylor's job.

Plaintiff, on the other hand, testified that she had asked about working four days a week, but only during the time she performed her old job. If and when she was promoted to Ms. Taylor's position, she was willing and able to work full time again.

Ms. Taylor and Don Anderson, Gittleman's Chief Financial Officer, recommended to Mark Gittleman that Plaintiff be promoted to Ms. Taylor's position.  Gittleman asserts that he did not agree, based on his belief that Plaintiff did not have good enough communications skills.  Eventually, Brad Engdahl was selected as Ms. Taylor's replacement.  Gittleman testified that his reasons for not giving Plaintiff the job were that she was demanding a salary of $50,000, but was only willing to work four days a week.  He also was not happy with the manner in which Plaintiff was demanding a job only on her terms.  He further stated that he was not aware that Plaintiff was having daycare problems.

Plaintiff was told on August 21 that she did not get the promotion.  Ms. Taylor asked Plaintiff if she was still going to come into work on the following Monday to do payroll, and Plaintiff agreed to do so.  Plaintiff did work the following Monday, but then went into Ms. Taylor's office and told her she couldn't work any longer.  Plaintiff alleges that when asked why she didn't get the promotion, Taylor stated that they thought she was going to have more children,

and if she only wanted to work four days a week with one, what would happen when she had more children.  Taylor also stated that Gittleman thought Mr. Engdahl had better communication skills.  Mark Gittleman denies making any statements concerning Plaintiff's plans to have more children, and Taylor also denies telling Plaintiff that Gittleman had such concerns.

In her Complaint, Plaintiff has asserted claims of discrimination based upon pregnancy pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq. ("MHRA").  Originally, Plaintiff alleged she was denied a promotion based upon pregnancy, and constructive discharge.  Plaintiff has elected not to proceed with her constructive discharge claim, and proceeds only on the claim she was wrongfully denied a promotion.

Argument

Gittleman asserts it is entitled to summary judgment because Plaintiff has failed to establish a prima facie case.  Specifically, Gittleman asserts that Plaintiff never sought the position that Engdahl eventually received, which was a full-time Human Resources Manager position, with an annual salary of $44,000.  Plaintiff, on the other hand, was seeking a part-time position with an annual salary of $50,000.  Gittleman also argues that Plaintiff was not qualified for the position because she was only working three days a month when the decision to replace

Taylor had been made, and at that time, she had refused to work full-time.

Plaintiff disputes these assertions. She states that she did not "demand" $50,000, and that she expected to go back to full-time if she were promoted to Taylor's position. Plaintiff claims that when she was hired, it was common knowledge that she was being groomed for Ms. Taylor's position. When she learned that Brad Engdahl was given the position, because of concerns that she was going to have more children, she felt she could no longer work at Gittleman.

The Court finds that there is a genuine issue of material fact as to whether the decision not to promote Plaintiff was based on an improper motive. Accordingly, Gittleman's motion for summary judgment must be denied.

IT IS HEREBY ORDERED that Gittleman Management Corporation's Motion for Summary Judgment [Docket No. 38] is DENIED. The hearing scheduled for November 17, 2005 on said motion is cancelled.

Date: November 7, 2005

                              s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court